Joseph Bodnar and Matilda Bodnar v. Commissioner.
Bodnar v. Commissioner
Docket No. 59215.
United States Tax Court
T.C. Memo 1959-198; 1959 Tax Ct. Memo LEXIS 51; 18 T.C.M. (CCH) 887; T.C.M. (RIA) 59198; October 22, 1959
*51 Frank W. Hardy, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined the following deficiency in income tax against petitioners for the calendar year 1949: Internal Revenue Code
of 1939
Sec. 293(b)
Sec. 294(d)(2)
Deficiency
Addition
Addition
$487.30
$243.65
$44.43
Petitioners were not represented at the hearing nor did they appear in person. The $487.30 deficiency and $44.43 addition must therefore be decided against them for failure of proof. The Government offered evidence in support of its burden of proof on the fraud issue presented by the Section 293(b) addition. That evidence showed that petitioners filed a joint income tax return for 1949 with the collector at Cleveland, that petitioner Joseph Bodnar was engaged in the trucking business, that the 1949 return reported income from that trucking business, that in 1949 petitioner Joseph Bodnar began in addition to sell scrap or salvage, that the 1949 return omitted all sales and income realized from scrap or salvage, that he in fact had sales in the amount of at least $955.77 in 1949, that this pattern of omission continued with *52 respect to the 1950 and 1951 returns in which sales amounting to $7,910.65 and $17,503.49, respectively, were omitted, and that petitioner Joseph Bodnar was convicted of having knowingly and wilfully attempted to evade and defeat a large part of the income tax due and owing by him and his wife by filing false and fraudulent income tax returns for 1950 and 1951. Although the amount involved for 1949 is comparatively small, we are satisfied on all the evidence that petitioner Joseph Bodnar initiated a scheme of tax evasion in 1949 which continued in subsequent years resulting in considerably larger amounts of unreported income; that the 1949 return was false and fraudulent and that part of the deficiency for 1949 is attributable to fraud with intent to evade tax; we so find as a fact. Decision will be entered for the respondent.